[Cite as *State v. Kibble*, 2020-Ohio-5560.]

STATE OF OHIO       )           IN THE COURT OF APPEALS
                    )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN     )

STATE OF OHIO                   C.A. No.      20CA011630

     Appellee

     v.                            APPEAL FROM JUDGMENT
                                  ENTERED IN THE
DEVLON KIBBLE               ELYRIA MUNICIPAL COURT
                                  COUNTY OF LORAIN, OHIO
     Appellant             CASE No.     2020CRB00194

DECISION AND JOURNAL ENTRY

Dated: December 7, 2020

CALLAHAN, Presiding Judge.

**{¶1}** Appellant, Devlon Kibble, appeals his conviction by the Elyria Municipal Court. This Court affirms.

I.

**{¶2}** On January 24, 2020, S.H. encountered Mr. Kibble inside the convenience store of a Sunoco station where she was employed. According to S.H., Mr. Kibble became upset after asking her if she had marijuana or cash that he could borrow and made comments that threatened her physical safety. Mr. Kibble was arrested after he left the premises, then returned. He was charged with menacing in violation of R.C. 2903.22(A). The trial court found Mr. Kibble guilty following a bench trial, sentenced him to thirty days in jail with twenty-seven days suspended, and fined him $250 with $150 suspended. Mr. Kibble appealed.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE VERDICT IN THIS CASE IS AGAINST THE SUFFICIENCY OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOLATES THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.

{¶3} In his first assignment of error, Mr. Kibble argues that his conviction for menacing is based on insufficient evidence because S.H. did not have a belief that Mr. Kibble would harm her. This Court does not agree.

{¶4} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009–Ohio–6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

{¶5} R.C. 2903.22(A), which prohibits menacing, provides that "No person shall knowingly cause another to believe that the offender will cause physical harm to the person * * *." "Physical harm" is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). When considering whether a defendant caused the victim to believe that the defendant would cause them physical harm, "'the key is

whether the victim genuinely believe[d] that he or she [was] facing physical harm to person or property.'" *State v. Myers*, 9th Dist. Summit No. 23853, 2008-Ohio-1913, ¶ 14, quoting *Niles v. Holloway*, 11th Dist. Trumbull No. 96-T-5533, 1997 WL 665974, *2 (Oct. 3, 1997). Menacing encompasses both "a present state of fear of bodily harm and a fear of bodily harm in the future." *State v. Scott*, 7th Dist. Mahoning No. 07 MA 152, 2009-Ohio-4961, ¶ 20, citing *State v. Ali*, 154 Ohio App.3d 493 2003-Ohio-5150, ¶ 26 (7th Dist.). R.C. 2903.22(A) does not require an overt threat, but "proscribes a much broader spectrum of behavior by criminalizing any conduct engaged in by a person knowing that such conduct would cause another to believe the offender will cause the other person * * * physical harm." *In re P.T.*, 12th Dist. Clinton No. CA2013–02–006, 2013-Ohio-3881, ¶ 18.

{¶6} S.H. testified that she was working the night shift when Mr. Kibble approached her in a walk-in cooler and asked whether she had any marijuana. She recalled that when she said that she did not, he asked to borrow money. S.H. testified that when she refused, Mr. Kibble walked out of the cooler and, after asking another employee for money, headed for the door saying, "I'm going to slap that white bitch." S.H. asked Mr. Kibble to leave and followed him into the parking lot. She testified that as he walked toward his car, "he started flipping out saying, 'I'm going to kill that white bitch.'" S.H. testified that she called the police, but Mr. Kibble had left the area by the time they arrived. She recalled that Mr. Kibble returned approximately twenty minutes later. S.H. testified that at that point, she "was concerned because how was I supposed to know, he just threatened to kill me, how do I know he didn't go get a weapon of some sort?" S.H. also noted that the female employee with whom she was working at the time was not white and that she perceived Mr. Kibble's comments to be directed to her. In addition to S.H.'s testimony, her

coworker testified that when S.H. reentered the store to call the police, she was "really upset." The coworker explained that S.H. was "frantic * * * like, real shaky and almost in tears."

{¶7} Viewing this testimony in the light most favorable to the State, the trial court could reasonably have concluded beyond a reasonable doubt that Mr. Kibble knowingly caused S.H. to believe that he would cause her physical harm. His conviction for menacing is, therefore, based on sufficient evidence, and his first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE CONVICTION[] [IS] AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND OF THE OHIO CONSTITUTION.

{¶8} Mr. Kibble's second assignment of error is that his conviction for menacing is against the manifest weight of the evidence. This Court does not agree.

{¶9} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id*., citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶10} Mr. Kibble has argued that his conviction is against the manifest weight of the evidence because S.H.'s testimony was not credible. Specifically, he argues that she had an ulterior motive for contacting the police, that the behavior that she described was "no[t] consistent

with an individual who is fearful of physical harm[,]" and that her assumption that Mr. Kibble's statements referred to her was groundless.

{¶11}  Mr. Kibble did not deny that he said, "I'm going to slap that white bitch."  In fact, he testified that although he did not remember saying it on the evening in question, such a statement was consistent with something that he might say.  He also testified that on prior occasions, he had both purchased marijuana from S.H. and smoked marijuana with her outside of her workplace.  Mr. Kibble suggested that S.H. had a motive to call the police not because she believed herself to be in danger of physical harm, but because he informed her employer about those incidents and because her employer refused to ban Mr. Kibble from entering the premises.

{¶12}  As noted above, S.H. testified that Mr. Kibble's words and actions concerned her because she perceived them to be a threat that was directed at her.  She also testified that she perceived that Mr. Kibble's statements referred to her instead of to her coworker because while she is white, her coworker is not.  S.H. testified that when Mr. Kibble returned to the store, she was concerned that he may have brought a weapon.  Regarding her previous encounters with Mr. Kibble, S.H. denied that she had ever sold marijuana to Mr. Kibble, although she acknowledged that she had, on prior occasions, smoked marijuana outside the store with him when no one else was around.  S.H. admitted that she was upset that Mr. Kibble had told her employer that she was selling marijuana.

{¶13}  S.H.'s coworker also described the events that took place that night.  She testified that she heard Mr. Kibble say, "I'm going to slap this white bitch."  The coworker perceived that Mr. Kibble's words were directed toward S.H. based on Mr. Kibble's actions and the interaction between them at the time, although she acknowledged that "if you are looking at my skin, * * * you would see a white female."  She recalled that after Mr. Kibble made that statement, S.H. asked

him to leave the store, then followed him outside. The coworker testified that she could not hear exactly what went on while the two were outside the store, but noted that Mr. Kibble "was very belligerent." She also recalled that while S.H. was outside with Mr. Kibble, she watched the camera feed inside the store "to make sure he didn't touch her." The coworker described S.H.'s reaction to Mr. Kibble's behavior, observing that it was out of character for her.

{¶14} Mr. Kibble's and S.H.'s testimony diverged regarding whether she had ever sold marijuana to him, but both testified that he had approached her employer with that information. S.H. acknowledged that the incident made her angry, but with respect to the events in question, most of the details of her testimony were also confirmed by her coworker. In addition, the coworker described her own perception of Mr. Kibble's words and conduct and her perception of S.H.'s response—both of which were consistent with S.H.'s testimony. The coworker also indicated that like S.H., she believed that Mr. Kibble's comment was directed at S.H. rather than her.

{¶15} This Court must "'consider[] the credibility of witnesses'" as part of our manifest weight review. *Thompkins*, 78 Ohio St.3d at 387, quoting *Martin*, 20 Ohio App.3d at 175. Nonetheless, this Court is mindful of the well-established principle that a trier of fact enjoys the best position to assess the credibility of witnesses. *State v. Rivera*, 9th Dist. Lorain No. 18CA011263, 2019-Ohio-62, ¶ 39, quoting *State v. Johnson*, 9th Dist. Summit No. 25161, 2010-Ohio-3296, ¶ 15. Given the evidence in this case, this Court cannot conclude that this is the exceptional case in which the evidence weighs heavily against the conviction.

{¶16} Mr. Kibble's second assignment of error is overruled.

## III.

{¶17} Mr. Kibble's assignments of error are overruled. The judgment of the Elyria Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

BRANDON G. OLIVER, Prosecuting Attorney, for Appellee.